# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT J. SMITH, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1848-LPS |
| THIRTY-NINE EMPLOYEES OF THE JAMES T. VAUGHN CORRECTIONAL CENTER, et al., | : |
| Defendants. | : |

Albert J. Smith, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

August 11, 2014
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Albert J. Smith ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff received an infraction for having a cell phone in his cell and was sanctioned to forty-five days in isolation, from September 16, 2011 to October 30, 2011. He complains of his conditions of confinement during that time. Plaintiff seeks compensatory damages and injunctive relief.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When

2

determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. **DISCUSSION**

Plaintiff complains of condition of confinement from September 16, 2011 to October 30, 2011. (*See* D.I. 3 at 7) For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions, *see Wilson v. Garcia*, 471 U.S. 261, 275 (1983), and in Delaware, § 1983 claims are subject to a two-year limitations period, *see* Del. Code Ann. tit. 10, § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the

3

plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). In the instant case, that date was no later than October 30, 2011, Plaintiff's last day in isolation.

The statute commenced to run on October 31, 2011, *see* Fed. R. Civ. P. 6(a)(1)(A) (exclude the day of the event that triggers the period), and expired two years later, on October 30, 2013 (*id.* at 6(a)(1)(C) (include the last day of the period, unless it is a Saturday, Sunday, or legal holiday). *See, e.g., Monkelis v. Mobay Chem.*, 827 F.2d 937, 938 (3d Cir. 1987) ("[T]he statute of limitations expires on the anniversary date of the event, not the day following."). Therefore, Plaintiff was required to commence this action on or before October 30, 2013.

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (internal quotation marks omitted).

The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt

4

specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this District has applied the *Houston* mailbox rule to *pro se* § 1983 complaints. *See Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

Plaintiff's Complaint was signed on October 27, 2013, his motion for leave to proceed *in forma pauperis* was signed on October 30, 2013, and his prison trust account statement, filed at the same time, is dated October 31, 2013. (D.I. 1, 2, 3) Plaintiff's cover letter that accompanied the complaint is dated November, 1, 2013, and the envelope – that the cover letter, complaint, and prison trust account statement were mailed in – is post-marked November 4, 2013. The Complaint was filed-stamped by the Clerk's Office on November 5, 2013. As evidenced by Plaintiff's cover letter, he delivered his Complaint to prison officials for mailing on or after November 1, 2013.[2] (*See* D.I. 3 at attachment 1, cover letter)

Plaintiff complains of acts occurring from September 16, 2011 to October 30, 2011, yet pursuant to the mailbox rule, the Complaint was not filed until November 1, 2013, the earliest date that it could have been delivered to prison officials for mailing, and two days after the expiration of the two year statute of limitation period. Hence, it is evident from the face of the Complaint that Plaintiff's claims are time-barred.

---

[2]Plaintiff wrote the Clerk of Court on October 27, 2013, "to request [] a stay or an extension to file a potential civil suit," an act that the Clerk of Court does not have the authority to grant. The letter also asked the Clerk of Court to accept his motion as soon as he received requested copies of the complaint from the prison law library. The letter, which sought legal advice, was placed in the Clerk of Court's miscellaneous file.

5

Because Plaintiff's allegations are time-barred, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous as it is time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[3]

An appropriate Order follows.

---

[3]Dismissal is also appropriate because Plaintiff's claims are frivolous. Plaintiff was held in isolation for less than two months. He complains he was only allowed minimal clothing, his cell was dirty, he was not provided cleaning supplies, only the guards may flush the toilet, on occasion he showered with only cold water, he went without recreation, there was no ventilation in the unit, and the window in his cell did not close. Prison conditions may amount to cruel and unusual punishment if they deprive inmates of the minimal civilized measure of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). In evaluating a claim under the Eighth Amendment based on conditions of confinement, the Court follows a two-part test, with objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Although the conditions in isolation may be harsher than other housing assignments, they do not constitute a denial of "the minimal civilized measures of life's necessities." *See, e.g., Williams v. Delo*, 49 F.3d 442, 444–47 (8th Cir. 1995) (holding no Eighth Amendment violation where prisoner was placed in strip cell without clothes, water in cell was turned off and mattress removed, and prisoner's bedding, clothing, legal mail, and hygienic supplies were withheld). In addition, the conditions of confinement of which Plaintiff complains were for less than two months, a length of time that here fails to rise to the level of a constitutional deprivation under the Eighth Amendment, *i.e.*, they are insufficient to state a claim that he has been deprived of life's necessities for an unreasonable period of time. *See e.g., Rhodes v. Chapman*, 452 U.S. at 347.